IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>LUMIO HX, INC. d/b/a LUMIO,<br><br>Defendant. | Case No. 4:23-cv-01138-P<br><br><br>**JURY TRIAL DEMANDED** |

**JOINT 26(f) REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

1.  The Parties met and conferred, in-person and face-to-face, on December 27, 2023, at the offices of Ballard Spahr, LLP 1735 Market Street, 51st Floor, Philadelphia, PA 19103-7599. The participants at the conference were Andrew Perrong, Esq., counsel for Plaintiff Kelly Pinn ("Plaintiff") and Jenny Perkins, Esq., John Grugan, Esq., Colin Kane, Esq., and Russell Burke, Esq., counsel for Defendant Lumio HX, Inc. ("Lumio").[1] Meaningful progress was not made toward settlement. The parties have the following statements to make regarding the prospect of settlement:

Plaintiff:

The Plaintiff tendered a settlement demand of a full recovery for the Class on both their TCPA and Texas Business and Commerce Code Claims, subject to confirmatory discovery.

Defendant:

---

[1] The applications for admission to this Court are currently pending for Defendant's counsel, Jenny Perkins, John Grugan, and Colin Kane. Defendant's counsel, Russell Burke is currently admitted to this Court and resides in Texas. Mr. Burke participated in the conference via WebEx.

At the conference, Defendants' counsel notified Plaintiff's counsel of the parties' pre-litigation settlement discussions that occurred prior to Plaintiff obtaining counsel. Plaintiff's counsel stated that Plaintiff has no interest in resolving her individual claims with Defendant.

2.      A Brief Statement of The Claims and Defenses:

Plaintiff:

Plaintiff claims that the Defendant called her private cellular telephone number 817-903-XXXX from the identical caller ID 862-362-5001 in June through August of 2023. The Plaintiff requested multiple times for the calls to stop, but they did not stop. Ultimately, the Plaintiff received a text message affirmatively identifying the caller as Lumio. Despite making clear against that she was not to be called, Defendant continued to call and refused to provide the Plaintiff a copy of its do not call policy. Defendant is also not registered as a telemarketer with the Texas Secretary of State. Based on these claims, the Plaintiff seeks to represent nationwide and statewide classes of individuals who also received illegal calls from the Defendant.

Defendant:

Defendant specifically denies Plaintiff's allegations and further denies that Plaintiff's putative class claims are suitable for class treatment under Rule 23.  Defendant did not place any calls to Plaintiff's alleged cellular telephone number and Defendant did not otherwise authorize or ratify such calls.  Defendants specifically deny that Plaintiff did not want to receive the calls at issue.  Defendants also specifically deny that Plaintiff is an adequate class representative.

3. The Parties jointly propose to provide until March 1, 2024 to amend pleadings and/or join parties.

4. The Parties jointly propose the following deadlines for dispositive motions:

a. Motion for Class Certification – September 30, 2024

b. Motion for Summary Judgment – November 29, 2024

5. The Parties jointly propose the following deadlines for initial designation of experts and service of expert reports and responsive designation of experts and service of responsive expert reports:

a. Plaintiff's Initial Designation of Experts and Service of Expert Report(s) – June 28, 2024

b. Defendant's Responsive Designation of Experts and Service of Expert Report(s) – July 31, 2024

6. The Parties jointly propose they be given until September 30, 2024 to object to experts for the purposes of *Daubert* and similar such motions.

7. A Proposed Plan and Statement for Discovery:

Plaintiff:

The Plaintiff intends to take discovery, relating to the calls Plaintiff and the class received, how Plaintiff received them, why they were placed to the Plaintiff and Class members despite their numbers being on the Do Not Call registry, Defendant's policies and procedures (or lack thereof) for complying with the TCPA, Defendant's policies and procedures (or lack thereof) for complying with the Texas Business and Commerce Code. Factual discovery should conclude by May 31, 2024, with expert discovery, with concomitant expert designations, to conclude by September 30, 2024. The Plaintiff

expressly opposes any attempts at phased discovery or bifurcation as there will be significant overlap in individual and class discovery. Furthermore, Plaintiff notes that the below proposal regarding phased discovery was not addressed at the Parties' conference.

Defendant:

Defendant intends to engage in discovery relating to the identity of the individual(s) or business(es) who made or authorized the calls that were allegedly made to Plaintiff that are the subject of this litigation (the "Calls"). Defendants further intend to engage in discovery relating to the circumstances upon which the Calls were made to Plaintiff, the content of those Calls, and the recording of those Calls (if any). Defendants intend to engage in discovery relating to the telephone number 817-903-XXXX (the "Number"), including, but not limited to, the subscriber and/or customary user of the Number during the relevant time period, the specific usage of the Number, the individual or entity that pays the carrier for the Number, the payments made to the carrier for the Number, the carrier of the Number, and Plaintiff's claim that the Number is or was registered on the National Do Not Call List. Defendant also intends to seek discovery regarding Plaintiff's familiarity with the TCPA, the National Do Not Call List, and Plaintiff's TCPA litigation history. Defendant additionally intends to seek discovery regarding Plaintiff's standing to bring this action.

Defendant further believes that discovery should be conducted in phases. As a threshold issue in this action for both Plaintiff's individual and putative class claims is the identity of the individual(s) or business(es) who made or authorized the Calls. Plaintiff alleges that the Calls were sent from an identical caller ID (862) 362-5001 (the "5001 Number"). The 5001 Number does not belong to Lumio and Lumio does not have any record of

authorizing such Calls. If the Calls were placed by someone other than Lumio and without Lumio's knowledge, authorization, or consent, Lumio cannot be directly or vicariously liable for the Calls. At the conclusion of the Rule 26(f) conference, Plaintiff's counsel provided Defendants' counsel with a copy of a subpoena Plaintiff issued to Commio, LLC ("Commio"). According to Plaintiff's initial disclosures, which were also served at the conclusion of the Rule 26(f) conference, Plaintiff identified Commio as an entity that is likely to have discoverable information about Plaintiff's claims. According to the initial disclosures and the subpoena, Commio has information relating to the 5001 Number. Plaintiff's subpoena to Commio seeks the identity of the entity that was billed for the use of the 5001 Number in 2023, along with the complete calling and texting records for the 5001 Number. Plaintiff set a response deadline of January 10, 2024 for Commio to respond to the subpoena. At the conclusion of the Rule 26(f) conference, Plaintiff also served Defendants with Interrogatories, Request for Production, and Requests for Admission ("Plaintiff's Discovery Requests"). Plaintiff's Discovery Requests seek wide-ranging discovery, including the identification of putative class members. In light of the threshold issue of the identity of the caller and the fact that Plaintiff has already issued a subpoena to the entity that can shed light on this issue, Defendants propose staying all class discovery for 60 days.

8.   A Statement On Discovery Limitations, If Any:

Plaintiff:

The Plaintiff does not desire any limitations on the limits to discovery permitted under the Federal Rules of Civil Procedure. The Plaintiff may seek to designate as confidential certain information, to include the Plaintiff's telephone number, contact information, and

similar such discovery in this case. Plaintiff expressly states that the proposed say of class discovery was not discussed at the Parties' conference and that the Plaintiff does not believe any stay is necessary.

Defendant:

Defendant proposes a stay of all class discovery for sixty (60) days for the reasons set forth in paragraph 7. Defendant anticipates the need for the parties to enter into a Protective Order to govern certain confidential information and documents that may be exchanged in this action.

9. A Statement on ESI:

Plaintiff:

The Plaintiff will be requesting all ESI relating to calling data be produced in its original, native, format, together with all associated metadata. This is required so that the data may be efficiently and expeditiously analyzed by Plaintiff's expert, such as to analyze calling records and data in anticipation of ascertaining the class for class certification.

Defendant:

Defendant agrees to follow the ESI protocols and procedures set forth in the Federal and Local Rules of Civil Procedure.

The parties agree to engage in a collaborative process in the event of any disputes over disclosure and discovery of ESI occur, potentially in cooperation with experts, and seek the Court's intervention as part of a court order.

10. Proposals on Handling and Protecting Privileged or Trial-Preparation Materials:

Plaintiff:

The Plaintiff has no formal proposal for the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.

Defendant:

Defendant proposes that the parties produce privilege logs to the extent the parties are withholding any documents on the basis of the attorney-client privilege, work product, or any other applicable privilege.

11. The parties anticipate being ready for trial by March 3, 2025. The Plaintiff anticipates needing approximately a week for her trial should this proceed as a class action or approximately 3-4 days should this proceed as an individual action. The Plaintiff has made a jury demand. Defendant anticipates needing at least 14 days should this action proceed as a class action or 2 days should this matter proceed as an individual action.

12. The Parties propose December 31, 2024 as the formal mediation deadline and will explore mediation in more detail while the class certification motion is pending.

13. The Plaintiff has made her initial disclosures under Rule 26(1) by serving them on Counsel for the Defendant. Defendant shall make her initial disclosures by January 10, 2024.

14. The Parties do not jointly consent to a trial before a Magistrate Judge.

15. The Plaintiff desires an in-person conference with the Court, particularly because of Defendant's proposal of bifurcating discovery and stay, together with the complex issues involved in this case, the fact that this matter is proceeding as a class action, and the expert and other issues involved. Defendant has no objection to a conference before the Court, but suggests that such conference can occur via telephone or videoconference.

16. The Plaintiff believes that firm case management from the Court and strict adherence to the deadlines in this case will be necessary to forestall defensive tactics in this

matter that tend to work against the "just, speedy, and inexpensive determination of" this action. Only in this way will the Court be able to expeditiously and orderly prepare for trial.

RESPECTFULLY SUBMITTED AND DATED this December 29, 2023.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com


*Attorney for Plaintiff*

*/s/ Russell J. Burke*
Ballard Spahr LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, NV 89135-2958
702-471-7000
Fax: 702-471-7070
Email: BurkeR@ballardspahr.com