**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| KELLY PINN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br><br>    -vs-<br><br>LUMIO HX, INC,<br><br>    Defendant. | Civil Action No. 4:23-cv-01138-P<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

For its Answer to the Class Action Complaint of Plaintiff Kelly Pinn, on behalf of herself and all others similarly situated (the "Complaint"), Defendant Lumio HX, Inc., d/b/a/ Lumio ("Lumio"), hereby responds to the Complaint and asserts the following affirmative defenses as follows:

## I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

**RESPONSE**: The allegations in Paragraph 1 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 1 purports to

characterize the Telephone Consumer Protection Act of 1991 (the "TCPA"), the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 1 of the Complaint.

2.      "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

**RESPONSE**: The allegations in Paragraph 2 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 2 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 2 of the Complaint.

3.       Plaintiff, individually and as class representative for all others similarly situated, brings this action against Lumio for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

**RESPONSE**: Lumio admits that Plaintiff purports to bring an individual and putative class claim under the TCPA. The remaining allegations of Paragraph 3 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 3 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 3 of the Complaint.

4.       Because telemarketing campaigns generally place calls to thousands or even millions of potential customers en masse, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**RESPONSE**: Lumio admits that Plaintiff purports to bring a putative class action under the TCPA. The remaining allegations in Paragraph 4 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies the remaining allegations, if any, in Paragraph 4 of the Complaint.

## II.       PARTIES

5.       Plaintiff Pinn is an individual who resides in this District and Division.

**RESPONSE:** Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, the allegations are denied, except to admit only that Plaintiff is an individual.

6.      Defendant Lumio HX, Inc., Inc. is a Delaware corporation that has its places of business in Dallas, Texas and Lehi, Utah.

**RESPONSE:** Lumio admits that it is a Delaware corporation with its principal address in Utah, and that it has conducted business in Texas. Lumio denies the remaining allegations of Paragraph 6 of the Complaint.

## III.    JURISDICTION AND VENUE

7.      <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violation of the Texas Business and Commerce Code relates to the same telemarketing campaign as the TCPA claim.

**RESPONSE**: The allegations in Paragraph 7 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent a response is required, Lumio denies the allegations in Paragraph 7.

8.      <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant. Defendant sent its illegal telemarketing calls to a telephone number with an 817 area code, the area code embracing Fort Worth, located in the Northern District of Texas. Furthermore, Defendant does continuous and systematic business in this District by installing solar panels in this District.

**RESPONSE**: The allegations in Paragraph 8 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent a response is required, Lumio denies the allegations in Paragraph 8.

9.      Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant resides in Texas and because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred in this District.

**RESPONSE**: The allegations in Paragraph 9 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent a response is required, Lumio denies the allegations in Paragraph 9.

### IV.      FACTS

### A.      The Enactment of the TCPA and its Regulations

10.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**RESPONSE**: The allegations in Paragraph 10 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 10 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 10 of the Complaint.

11.      Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**RESPONSE**: The allegations in Paragraph 11 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 11 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 11 of the Complaint.

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**RESPONSE**: The allegations in Paragraph 12 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 12 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 12 of the Complaint.

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**RESPONSE**: The allegations in Paragraph 13 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 13 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 13 of the Complaint.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**RESPONSE**: The allegations in Paragraph 14 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 14 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 14 of the Complaint.

**B.      The Texas Business and Commerce Code**

15.      Realizing the particular harm to Texas residents that unsolicited telemarketing calls to them poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

**RESPONSE**: The allegations in Paragraph 15 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 15 purports to characterize the Texas Business and Commerce Code, the Texas Business and Commerce Code speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 15 of the Complaint.

16.      The burden of proof lies on Defendant to show it registered each business location to prove it licensure or on proving an exemption. *Id.* § 302.051.

**RESPONSE**: The allegations in Paragraph 16 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 16 purports to characterize the Texas Business and Commerce Code, the Texas Business and Commerce Code speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 16 of the Complaint.

17.      The sale of solar panels is not a product for which there is an exemption to the Code. *Id.* § 302.051.

**RESPONSE**: The allegations in Paragraph 17 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 17 purports to characterize the Texas Business and Commerce Code, the Texas Business and Commerce Code

speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 17 of the Complaint.

18.     Defendant Lumio is not registered with the Texas Secretary of State as required by the Business and Commerce Code. Telephone Solicitors Search, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying "Lumio" as either a DBA or seller name returns no results).

**RESPONSE**: Lumio denies the allegations in Paragraph 18 of the Complaint. Querying "Lumio" as the seller name at the URL provided in Paragraph 18 of the Complaint returns "Lumio HX, Inc." as a search result.

**C.     Unsolicited Telemarketing to Plaintiff**

19.     Plaintiff Pinn is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE**: The allegations in Paragraph 19 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. To the extent Paragraph 19 purports to characterize the TCPA, the TCPA speaks for itself. Lumio denies the remaining allegations, if any, in Paragraph 19 of the Complaint.

20.     Plaintiff's residential telephone number is (817)-903-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, the allegations are denied.

21.     Ms. Pinn uses the number for personal, residential, and household reasons.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, the allegations are denied.

22.     Plaintiff Pinn never consented to receive calls from Defendant.

**RESPONSE**: Lumio denies the allegations contained in Paragraph 22 of the Complaint.

23.     Plaintiff Pinn never did business with Lumio.

**RESPONSE**: Lumio denies the allegations contained in Paragraph 23 of the Complaint.

24.     Despite this, Plaintiff received automated calls from Lumio as part of a telemarketing campaign, on June 20, 2023, July 5, 2023, July 18, 2023, and August 11, 2023. The calls were all sent from the identical caller ID 862-362-5001.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, the allegations are denied.

25.     Indeed, NoMoRobo, which won the federal government's award for detecting Spam calls, identified the number that called as robocallers. *See* https://www.nomorobo.com/lookup/862-362-5001.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, the allegations are denied, except to admit only that the URL provided in Paragraph 25 of the Complaint purports to list the number 862-362-5001 as a "Robocall."

26.     During the call on July 5, 2023, the caller wanted to sell Plaintiff solar panels. Plaintiff stated that she was "not interested" and stated, "please don't call me again."

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, the allegations are denied.

27.     Despite stating that she did not want to be contacted, and despite never having requested the calls before in the first place, Plaintiff received three calls on July 18, 2023 from the same caller ID, at 2:53 PM, 2:54 PM, and 2:55 PM.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, the allegations are denied.

28.     During the call at 2:55 PM, during which the caller also wanted to sell Plaintiff solar panels, Plaintiff was transferred to a representative of Lumio, Donavon, who wanted to have a Zoom call with Plaintiff to discuss the sale of solar panels. Donavon stated he was located in Odessa, TX, and represented "Lumio," which was "headquartered in Dallas."

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, therefore, the allegations are denied.

29.     "Donavon" sent Plaintiff a text message from the caller ID 432-230-3432, identifying himself as a representative of Lumio in the Odessa, TX area, and identifying Lumio's website.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, the allegations are denied.

30.     Thereafter, on July 21, 2023, Plaintiff requested to be placed on Lumio's Do Not Call List for the third time.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, the allegations are denied.

31.     Despite this clear revocation of any consent and indication not to be contacted, on August 11, 2023, Plaintiff received a call from the telephone number 862-362-5001. The caller left a voicemail, wherein call center noise can be heard, including a portion of the script used in the previous calls.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, therefore, the allegations are denied.

32.     The calls were unwanted, so Plaintiff did not answer several of the calls.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, the allegations are denied.

33.     During the calls, the caller asked Plaintiff to ensure she had a sufficiently high electric bill and also asked about the Plaintiff's credit score.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, the allegations are denied.

34.     The calls offered the Defendant's solar panels.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, the allegations are denied.

35.     Defendant is not registered as a telephone solicitor with the Texas Secretary of State.

**RESPONSE**: Lumio denies the allegations in Paragraph 35 of the Complaint.

36.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

**RESPONSE**: The allegations in Paragraph 36 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies the remaining allegations, if any, in Paragraph 36 of the Complaint.

37.     Plaintiff never provided her consent or requested these calls.

**RESPONSE**: Lumio denies the allegations in Paragraph 37 of the Complaint.

38.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**RESPONSE**: Lumio denies the allegations in Paragraph 38 of the Complaint.

## CLASS ALLEGATIONS

39.   <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Lumio, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Texas Business and Commerce Code Class**: All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Lumio, (2) at any time during which Lumio was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

**RESPONSE:** No response is required to the allegations in Paragraph 39 of the Complaint to the extent they purport to identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

40.     Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**RESPONSE:** No response is required to the allegations in Paragraph 40 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

41.     The Classes, as defined above, are identifiable through telephone records and telephone number databases.

**RESPONSE**: Lumio is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, the allegations are denied.

42.     The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

**RESPONSE**: No response is required to the allegations in Paragraph 42 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

43.     Individual joinder of these persons is impracticable.

**RESPONSE**: No response is required to the allegations in Paragraph 43 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

44.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**RESPONSE**: No response is required to the allegations in Paragraph 44 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

45.     Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

**RESPONSE**: No response is required to the allegations in Paragraph 45 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

46.     Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**RESPONSE**: Lumio denies the allegations in Paragraph 46 of the Complaint.

47.     This class action complaint seeks injunctive relief and money damages.

**RESPONSE**: Lumio admits that the Complaint purports to seek injunctive relief and money damages.

48.     There are numerous questions of law and fact common to Plaintiffs and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a.      whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.      whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

c.    whether Defendant made telephone solicitations to members of the Texas Business and Commerce Code class without the required registration; and

d.    whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

**RESPONSE**: Lumio denies the allegations in Paragraph 48 of the Complaint.

49.    Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**RESPONSE**: Lumio denies the allegations in Paragraph 49 of the Complaint.

50.    Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**RESPONSE**: No response is required to the allegations in Paragraph 50 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

51.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**RESPONSE**: No response is required to the allegations in Paragraph 51 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

52.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**RESPONSE**: No response is required to the allegations in Paragraph 52 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

53.     Defendant has acted on grounds generally applicable to the Classes, thereby

making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**RESPONSE**: No response is required to the allegations in Paragraph 53 of the Complaint to the extent they identify the putative classes Plaintiff seeks to represent or the purpose of the Complaint. To the extent the allegations allege that Plaintiff has adequately identified a class in compliance with Fed. R. Civ. P. 23, the allegations state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies all remaining allegations, including that any class can be certified.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

54.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**RESPONSE**: Lumio repeats and realleges each of the foregoing paragraphs of this Answer as if fully set forth herein.

55.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**RESPONSE**: Lumio denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant's violations were negligent, willful, or knowing.

**RESPONSE**: Lumio denies the allegations in Paragraph 56 of the Complaint.

57.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

**RESPONSE**: The allegations in Paragraph 57 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies the remaining allegations, if any, in Paragraph 57 of the Complaint.

58.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**RESPONSE**: The allegations in Paragraph 58 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies the remaining allegations, if any, in Paragraph 58 of the Complaint.

### SECOND CAUSE OF ACTION
**Texas Business and Commerce Code**
**Violations of Texas Business and Commerce Code § 302.101**
**(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

59.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**RESPONSE**: Lumio repeats and realleges each of the foregoing paragraphs of this Answer as if fully set forth herein.

60.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

**RESPONSE**: Lumio denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant's violations were negligent, willful, or knowing.

**RESPONSE**: Lumio denies the allegations in Paragraph 61 of the Complaint.

62.     As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

**RESPONSE**: The allegations in Paragraph 62 of the Complaint state conclusions of law, not averments of fact. Therefore, no response is required. Lumio denies the remaining allegations, if any, in Paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

In response to Plaintiff's "Prayer for Relief," Lumio denies that Plaintiff is entitled to any of her requested forms of relief. Lumio further denies that this action is eligible for certification as a class action. Further, each and every allegation in Plaintiff's Complaint which is not specifically and unequivocally admitted is denied. Lumio reserves the right to amend and/or

supplement its Answer and to raise any additional defenses that Lumio may become aware of through discovery or otherwise.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Plaintiff, individually and on behalf of any class, has failed to state a claim upon which relief can be granted.

2.    Plaintiff, individually and on behalf of any class, lacks standing to assert her claims.

3.    Plaintiff's causes of action, whether asserted individually or on behalf of any class, are barred in whole or in part, by Plaintiff's requisite permission or consent to be contacted under the TCPA and/or the Texas Business and Commerce Code by engaging in acts which demonstrated her consent.

4.    The claims of Plaintiff and members of the putative classes are barred, in whole or in part, because they suffered no legally cognizable injury.

5.    Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrine of estoppel.

6.    Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrine of waiver.

7.    Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the defense of disclosure and consent.

8.    Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the defense of unclean hands.

9.    Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the provisions of the TCPA or its implementing regulations.

10.     Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the provisions of the Texas Business and Commerce Code.

11.     Plaintiff bears the burden of establishing compliance with each requirement of Rule 23. Due to the individualized nature of Plaintiff's claims and allegations, no claim can be maintained on behalf of any class because of Plaintiff's failure to satisfy the requirements of Rule 23.

12.     Plaintiff's claims, whether asserted individually or on behalf of any class, are barred, in whole or in part, by a failure to mitigate damages.

13.     Plaintiff's claims, whether asserted individually or on behalf of any class, are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

## **RESERVATION OF RIGHTS**

Lumio reserves the right to assert additional defenses, counterclaims, cross-claims, or third-party claims that are supported by information or facts obtained through discovery or other means during this case and expressly reserve the right to amend its Answer to assert such additional affirmative defenses or claims in the future.

WHEREFORE, Lumio respectfully requests that this Court:

(1)     Dismiss the Complaint in its entirety;

(2)     Enter judgment in favor of Lumio and against Plaintiff on the Complaint;

(3)     Award Lumio its reasonable attorneys' fees, costs, and expenses; and

(4)     Grant Lumio such further relief as the Court may deem just and proper.

Respectfully submitted by,

Dated: January 4, 2024        Ballard Spahr LLP

*/s/ Russell J. Burke*
Russell J. Burke, Esq.
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: 702.387.3086
burker@ballardspahr.com

John C. Grugan, Esq.
(Admission Application Pending)
Jenny N. Perkins, Esq.
(Admission Application Pending)
Colin P. Kane, Esq.
(Admission Application Pending)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: 215.665.8500
gruganj@ballardspahr.com
perkinsj@ballardspahr.com
kanec@ballardspahr.com

*Attorneys for Defendant Lumio HX, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2024, I served the foregoing Answer to Class Action Complaint, via the court's EM/ECF electronic service system which will serve a copy upon on all counsel of record:

> Anthony I Paronich
> Paronich Law PC
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> 617-485-0018
> Fax: 508-318-8100
> Email: anthony@paronichlaw.com
>
> Andrew Roman Perrong
> Perrong Law LLC
> 2657 Mt. Carmel Ave
> Glenside, PA 19038
> 215-225-5529
> Fax: 888-329-0305
> Email: a@perronglaw.com
>
> Katherine Hendler Fayne
> Katherine Fayne Law PLLC
> 3400 Oak Grove Avenue
> Suite 214
> Dallas, TX 75204
> 214-770-1322
> Email: katherine@katherinefaynelaw.com
>
> *Counsel for Plaintiff Kelly Pinn*
> *and the Putative Class*

> */s/ Russell J. Burke*
> Russell J. Burke